IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

Elizabeth Colon

CASE NO.  15-09380
CHAPTER 13

DEBTOR(S).

NOTICE OF MOTION

To: Elizabeth Colon 1236 N. Lawndale Chicago, IL 60651
David M. Siegel & Associates 790 Chaddick Drive Wheeling, IL 60090
Marilyn O Marshall 224 South Michigan Ste 800 Chicago, IL 60604

PLEASE TAKE NOTICE that on January 30, 2020 at the hour of 9:30 a.m., I shall
appear before the Honorable Judge Barnes, Room 744 of the U.S. Bankruptcy
Court, 219 S. Dearborn, Chicago, IL and then and there move the court pursuant to
the attached Motion at which time and place you may appear if you see fit.

/s/Michael Dimand
MICHAEL DIMAND

CERTIFICATE OF MAILING

I, MICHAEL DIMAND, an attorney, certify that I served the above-named
respondents by placing a copy of the Motion in an envelope, correctly addressed
and mailing same by regular mail, postage pre-paid in the U.S. Mail chute at 125
E. Lake St., Bloomingdale, Illinois before the hour of 5:00 p.m. on January 17,
2020.

/s/Michael Dimand
MICHAEL DIMAND

THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

In re:

Elizabeth Colon

CASE NO.  15-09380
CHAPTER 13

DEBTOR(S).

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY) OR IN THE ALTERNATIVE CASE DISMISSAL

Neighborhood Lending Services, Inc. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of 1236 N. Lawndale Ave Apt E, Chicago, IL 60651 (the "Property").  Alternatively, Movant requests that the above-captioned Chapter 13 case be dismissed.  In support of this Motion, Movant respectfully states:

1.      A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on March 17, 2015.

2.      Pursuant to a certain Note and Mortgage, all obligations of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property.  Copies of the Note, Mortgage, and Assignment of Mortgage (if applicable) and a Payment History are attached hereto.

3.      As of January 14, 2019, the outstanding amount due is $92,840.45.

4.      In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $1,050.00 in legal fees and $181.00 in costs.  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

5.      The debtor is due post-petition for the October 1, 2019 payment, a default of 4 months, totaling $3,642.66.

6.      The estimated market value of the Property is $162,000.00.  The basis for such valuation is Debtor(s)' Schedule A and Schedule D.

7.      Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $107,605.45.

8.      Cause exists for relief from the automatic stay for the following reasons:

A. Movant's interest in the Property is not adequately protected.

B. Movant's interest in the collateral is not protected by an adequate equity cushion.

C. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

D. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. The failure of the Debtor(s) to make post-confirmation plan payments constitutes a material default under the plan and is cause for dismissal of this Chapter 13 case, pursuant to 11 U.S.C. § 1307(c).

5. For such other relief as the Court deems proper.

Respectfully submitted:

/s/Michael Dimand
Michael Dimand
Attorney for Creditor

Michael Dimand
Wirbicki Law Group, LLC
Attorney for Creditor
33 West Monroe
Suite 1540
Chicago, IL 60603
Phone: 855-891-6777
Fax: 312-360-9461
W18-0962

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR." (15USC 1692a)**